UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

LAURA ROBERTS,                              :        **COMPLAINT**

                     Plaintiff,         :

                                :        Civil Action No.:

    -against-                                 :

                                :        **JURY TRIAL DEMANDED**

THE COUNTY OF PUTNAM and                     :
ROBERT V. TENDY, PUTNAM COUNTY               :
DISTRICT ATTORNEY, being sued individually   :
and in his official capacity as an employee of The   :
County of Putnam.                            :

                    Defendants.      :

------------------------------------------------------------------------ X

LAURA ROBERTS, by her attorneys, Markus & Sheridan, LLP, as and for her Complaint, alleges upon information and belief as follows:

## NATURE OF THE CASE

1.      Plaintiff Laura Roberts ("Roberts") is currently a resident of the County of Putnam, State of New York, residing at 63 Everett Road, Carmel, New York 10512.

2.      Defendant The County of Putnam (the "County"), is, upon information and belief, a public company duly organized under the laws of New York, and authorized to do and doing business in the State of New York at 40 Gleneida Avenue, Carmel, New York 10512.

3.      This action is an action for equitable relief and monetary damages to redress Defendant's unlawful employment discrimination against Roberts based upon her disability and/or perceived disability, and to remedy retaliation and interference against her for seeking a reasonable accommodation in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008, Pub. L. 110-305 (collectively the "ADA") and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law Article 15 §§ 290 *et seq.*

4.      At all times relevant herein, Roberts was an "employee" within the meaning of the ADA.

5.      At all times relevant herein, the County of Putnam was an "employer" within the meaning of the ADA.

6.      The County of Putnam employed and still employs more than 15 employees in the current or proceeding calendar year.

7.      At all relevant times herein, the County of Putnam employed Defendant Robert V. Tendy as the Putnam County District Attorney ("Tendy").

8.      Tendy is liable for directly participating in the acts described herein and is being sued in his capacity as an individual.

9.      At all relevant times herein, Tendy was acting as an agent, servant, employee, and/or supervising personnel of the County and was acting within the scope of his municipal employment during the events alleged, such that he was and is a municipal actor.

10.     At all relevant times herein, Tendy acted as the manager of the District Attorney's office for The County of Putnam and thus acted as a County policymaker.

11.     At all relevant times herein, Roberts suffers from a cognitive disability and/or perceived cognitive disability and is a member of a protected class.

12.     Specifically, Roberts suffers from an ongoing cognitive disability as a result of chemotherapy treatment for cancer. These cognitive deficits, while reversible over time, substantially limit her major life activities, including but not limited to long term memory recollection, reading, concentrating, thinking, and working.

13.     At all relevant times herein, Roberts was qualified to perform and willing to perform all the essential functions of her job despite the existence of her cognitive disability.

## JURISDICTION

14.     Jurisdiction in this Court arises under 28 U.S.C. §1331.  Supplemental jurisdiction is also confirmed on this Court pursuant to 28 U.S.C. §1367.  The Plaintiff respectfully requests this Court to exercise jurisdiction over her pendant state law claims.

15.     Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to the ADA and the NYSHRL.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     Plaintiff has complied fully with all prerequisites for jurisdiction in this Court under Title VII and the NYSHRL, by timely filing a Charge of Discrimination with the Equal Opportunity Commission and filing this Complaint within ninety (90) days of receipt of the Department of Justice issuing a notice informing Plaintiff of her right to sue in Federal Court. *See*, Exhibit "A" attached hereto.

## VENUE

17.     The unlawful employment practices alleged below were committed within the State of New York, County of Putnam and Defendant Tendy resides in this judicial district. Accordingly, venue lies in the United States District Court for the Southern District of New York under 28 U.S.C. §1391(b), (c) and (d).

## STATEMENT OF FACTS

18.     Roberts began her employment with the County as a part-time Assistant District Attorney in or about 2007.   Roberts remained as a part-time Assistant District Attorney for approximately twelve years.  During that period, Roberts also maintained several other part-time positions, including work as a town prosecutor for the Towns of Phillipstown, Patterson, and

Kent for approximately ten years, and the Town of Southeast for approximately the last three years.  In addition, Roberts worked for the Law Firm of Joseph J. Spofford, Jr. from 2003 until 2011, Berkman & Hudak, P.C. from 2011 until the firm closed in 2018, and then she maintained her own law practice simultaneously with her ADA part-time position handling matrimonial and other civil matters.

19.     In May 2016, Roberts was diagnosed with Hodgkin's Lymphoma after developing multiple cancerous tumors in March 2016 in her neck and chest. In June 2016, Roberts began her initial treatment which consisted of a port placement and four rounds of ABVD chemotherapy over an approximately two-month period (one round consisted of chemotherapy every other week).  This was followed by an extra round of chemotherapy in lieu of twenty rounds of radiation therapy which was completed in September 2016.  Each round of therapy required Roberts to return to the hospital the following day to receive a shot of Neulasta, to allow her body to produce white blood cells – a situation that later caused her to develop neuropathy.

20.     In 2016, as a result of extensive chemotherapy, Roberts developed calcified sties in her eye, which required surgical removal, and in 2017, Ms. Roberts had surgery to remove one of the ports.  All the while, Roberts continued to manage a caseload of approximately 120 cases in a part-time position with the Putnam County District Attorney's Office.

21.     Still dealing with the effects of chemotherapy, in November 2017, Roberts was switched out of covering cases in the Town of Kent and placed in the Town of Southeast (one of the busiest courts in the county with many serious felony cases) in addition to her Town of Patterson cases, augmenting her caseload to approximately 209 cases.

22.     Overwhelmed with the increase in caseload, Roberts registered a fresh complaint with Chief Assistant District Attorney, Chana Krauss that, as a part-time Assistant District Attorney working twenty-four hours per week, she was carrying the second heaviest caseload in the office and suffering from the effects of the chemotherapy treatment. Ms. Krauss advised Roberts to stop discussing her cancer issues as her "co-workers were getting sick of hearing about it," and that she had been "begging for the Southeast cases and now you have it." Roberts replied that her request for the Southeast cases was made under the former Putnam County District Attorney Adam Levy's administration, a year and a half earlier and prior to her cancer diagnosis.

23.     In May 2018, while continuing to manage this increased caseload, Roberts underwent thyroid surgery for the removal of a large nodule, and in March 2019, she underwent a hysterectomy based on concerns of uterine cancer. In addition, in March and April 2019, while continuing to see her treating oncologist, Roberts sought treatment from her neurologist in light of ongoing cognitive deficits caused by the chemotherapy treatment (*i.e.*, reversible long term memory deficits), elevated blood pressure, and fatigue that was exacerbated by her then doubled caseload.

24.     In short, over the course of a three-year period, while undergoing extensive treatment for cancer and combating the side effects of cancer-related conditions that required over one hundred visits to different medical providers, Roberts still managed a caseload of more than 200 cases as a *part-time* assistant district attorney -- all the while receiving no complaints about her performance.

25.     In June 2019, Roberts was relieved of the Southeast docket because the Putnam County District Attorney's office received funding for an additional position. Roberts was

assigned cases in the Village of Brewster and retained cases in Patterson. This change reduced Roberts' caseload to approximately 100 cases, but was not the result of Defendants providing a reasonable accommodation.

26.     With this reduction in caseload, Roberts began to attend to some housekeeping of her existing docket. In doing so, she noticed that the trial board (a relatively new protocol implemented by Tendy's administration) still had cases that had either been settled or disposed, and on or about July 1, 2019, she emailed Christina Rizzo, Tendy's Confidential Secretary, to remove two matters, from the board. This triggered Tendy's request for a meeting on July 11, 2019 with Roberts, during which Tendy accused Roberts of mishandling these cases and several others, and proceeded to issue self-serving July 16, 2019 and July 25, 2019 memoranda to create performance issues where there were none.

27.     During this meeting (as well as subsequent discussions before her termination), Roberts explained that she frequently wrote notes due to long term memory issues related to her chemotherapy treatment, and needed to review the file and/or her notes to refresh her recollection and respond appropriately --- a reasonable request. Over the next two-week period, in the context of three meetings, Tendy continued to challenge her recollection (and thus create "performance issues"), and accused Roberts of being unprofessional with knowledge of her cognitive deficits.

28.     On July 25, 2019, after acknowledging that Roberts continued to have serious medical issues, and that Roberts had specifically advised him of her long term memory deficits based on her cancer treatment, Tendy outlined a support structure going forward including a weekly review.

29.     Rather than implementing the proposed support structure drafted only days earlier, and continue to engage in the good-faith interactive process to accommodate Ms.

Roberts, on August 1, 2019, Tendy placed Ms. Roberts on a two-week paid leave, and removed her from her duties, claiming that she "allowed" a felony heroin matter to be dismissed from the Carmel court docket on July 29, 2019 (knowing full-well that she was not given the file, sought an adjournment, and the presiding judge *sua sponte* and without jurisdiction granted an ACD for six months subject to the case being restored and re-calendared).  This was cited as a performance deficiency, despite Tendy knowing that defense counsel stipulated to restore and re-calendar the case the next day, and the ACD disposition was later agreed to by the Putnam County District Attorney's Office. Nevertheless, on August 1, 2019, Tendy sought fit to baselessly claim Ms. Roberts was responsible for the opioid crisis and tarnishing the Putnam County District Attorney's Office's reputation by her actions.

30.     On August 5, 2019, Roberts provided Tendy a July 26, 2019 note from her treating oncologist highlighting that she had reversible memory issues related to treatment for which she had consulted a neurologist.  Roberts offered to supply Tendy with supporting medical documentation from her treating neurologist and her other doctors.

31.     On August 13, 2019, while still requiring Roberts to remain on leave, Tendy requested a meeting with Roberts that she attended in good faith. At that meeting, not only did Tendy inform Roberts that he had called her treating oncologist as the Putnam County District Attorney without her authorization (indeed he interrogated her oncologist only twenty minutes before the meeting), he challenged the veracity of her claimed disability, and sought to have her "confess" that she could not do the essential functions of the job.

32.     When Roberts aptly told Tendy that she could do the essential functions of the job, but that she continues to have long term memory deficits which are reversible over time (as

noted by her treating physician), Tendy continued to challenge the authenticity of her claimed disability.

33.     At the August 13, 2019 meeting, Roberts also highlighted that the reduction of her caseload less than two months earlier and the requested accommodation that she be permitted to carry a notebook to write items down to assist in her retrieval process would be a reasonable accommodation. Tendy mocked her request to carry a notebook around as immaterial, claiming that "everyone forgets things," notwithstanding that his approval was required as both her manager and as the Putnam County District Attorney as her notes could be considered *Rosario* material. Rather than given a date certain for her return, Tendy continued to place Roberts on administrative leave.

34.     On August 19, 2019, Tendy called Roberts to a meeting and advised her that he was now terminating her employment for failing to timely complete her attorney registration and based on "other performance issues".  Roberts had coincidentally received notice from the NYS Attorney Registration Unit requesting her registration that same day as there has been no interruption in her good standing status. Additionally, Tendy claimed that this was a repeated performance issue that he raised with her in 2016, notwithstanding that Roberts registers during odd years (*i.e*., 2015, 2017). In other words, his assertion was fraudulent as was the basis for termination.

35.     As further evidence of disability discrimination, shortly following Roberts' termination, Tendy advertised Roberts' position at the same salary but reducing the required work hours to eighteen hours per week (compared to her twenty-four hour requirement).

## FIRST CAUSE OF ACTION FOR UNLAWFUL DISABILITY DISCRIMINATION UNDER THE ADA
### (Against The County of Putnam Only)

36.     The acts committed by The County of Putnam as set forth at length in paragraphs "1" through "35" of this Complaint, which are all deemed a part of this cause of action, constitute an unlawful discriminatory practice against Roberts in violation of the ADA based on her actual and/or perceived disability.

37.     The acts and conduct complained of herein took place as a result of Roberts' membership in a protected class and all took place while Roberts was an employee of the County and in the course of her County employment.

38.     The acts and conduct complained of herein supporting Roberts' claims for discrimination were committed by County personnel, for whose acts the County is liable.

39.     The acts and conduct complained of herein supporting Roberts' claims for discrimination were used as a basis for decisions affecting the terms, conditions, and privileges of her employment.

40.     As a direct and proximate result of the County's conduct, Roberts has suffered, and will continue to suffer, from among other things, a significant loss of income, benefits, and additional losses associated with the effects of the County's conduct upon her employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of her life and will prevent her from functioning as she did prior to the conduct complained of herein.

41.     The County's discriminatory conduct so degraded Roberts' physically, mentally, and emotionally that, as a proximate result of the County's violation of her civil rights, Roberts has suffered, and will continue to suffer, among other things, mental and emotional injuries.

42.     Further, the County's discriminatory practices were done with malice and/or reckless indifference to Roberts' protected rights, such that, in addition to all the measures of relief cited herein to which Roberts is entitled, the County should be required to pay punitive damages as punishment for its vile, indecent, and reprehensible conduct, in order to deter the County and others similarly situated from such conduct in the future.

43.     As a direct and proximate result of the County's violation of Plaintiff's rights under the ADA, the County is liable to Plaintiff for back pay, actual damages for loss of wages and benefits, and  compensatory and punitive damages in an amount to be determined at trial, pursuant to 42 U.S.C. § 1981a (a)(2) and 42 U.S.C. § 1981a (b).

44.     As a direct and proximate result of the County's violation of Plaintiff's rights under the ADA, the County is further liable to Plaintiff for attorney's fees, and other equitable and/or declaratory relief pursuant to 42 U.S.C. § 1981a (a)(2).

45.     Plaintiff therefore seeks judgment against the County on the First Cause of Action for back pay, actual damages for loss of wages and benefits, compensatory damages, and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and declaratory and/or equitable relief.

## SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE ADA
### (Against The County of Putnam Only)

46.   The acts committed by the County as set forth at length in paragraphs "1" through "35" of the Complaint, which are all deemed part of this cause of action, constitute unlawful and retaliatory conduct against Roberts in violation of her rights under 42 U.S.C. §12203(a).

47.   The acts of which Roberts complains of herein supporting her claim for retaliation took place as a result of and in retaliation for, including but not limited to, continuing to place her on administrative leave and remove her from her duties after seeking a reasonable

accommodation, and her ultimate employment termination based on her request for the reasonable accommodation.

48.    As a direct and proximate result of the County's retaliatory conduct, Roberts has suffered, and will continue to suffer, from among other things, a significant loss of income, benefits, and additional losses associated with the effects of the County's conduct upon her employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of her life and will prevent her from functioning as she did prior to the conduct complained of herein.

49.    The County's conduct so degraded Roberts physically, mentally, and emotionally that, as a proximate result of the County's violation of her civil rights, Roberts has suffered, and will continue to suffer, among other things, mental and emotional injuries.

50.    Further, the County's discriminatory practices were done with malice and/or reckless indifference to Roberts protected rights, such that, in addition to all the measures of relief cited herein to which Roberts is entitled, the County should be required to pay punitive damages as punishment for its vile, indecent, and reprehensible conduct, in order to deter the County and others similarly situated from such conduct in the future.

51.    As a direct and proximate result of the County's violation of Plaintiff's rights under the 42 U.S.C. §12203(a), the County is liable to Plaintiff for back pay, actual damages for loss of wages and benefits, and compensatory and punitive damages in an amount to be determined at trial, pursuant to 42 U.S.C. § 1981a (a)(2) and 42 U.S.C. § 1981a (b).

52.    As a direct and proximate result of the County's violation of Plaintiff's rights under the 42 U.S.C. §12203(a), the County is further liable to Plaintiff for attorney's fees, and other equitable and/or declaratory relief pursuant to 42 U.S.C. § 1981a (a)(2).

53.     Plaintiff therefore seeks judgment against the County on the Second Cause of Action for back pay, actual damages for loss of wages and benefits, compensatory damages, and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and declaratory and/or equitable relief.

## THIRD CAUSE OF ACTION FOR UNLAWFUL ADA INTERFERENCE
### (Against The County of Putnam Only)

54.    The acts committed by the County as set forth at length in paragraphs "1" through "35" of the Complaint, which are all deemed part of this cause of action, constitute unlawful interference against Roberts in violation of her rights under ADA, specifically 42 U.S.C. §12203(b).

55.    The acts of which Roberts complains of herein supporting her claim for interference under 42 U.S.C. §12203(b) took place as a result of her requests for a reasonable accommodation for her actual and/or perceived disability, including but not limited to preventing her from having the agreed-upon reasonable accommodation by placing her on administrative leave, removing her from her duties, and terminating her employment.

56.    As a direct and proximate result of the County's unlawful conduct, Roberts has suffered, and will continue to suffer, from among other things, a significant loss of income, benefits, and additional losses associated with the effects of the County's conduct upon her employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of her life and will prevent her from functioning as she did prior to the conduct complained of herein.

57.    The County's conduct so degraded Roberts physically, mentally, and emotionally that, as a proximate result of the County's violation of her civil rights, Roberts has suffered, and

will continue to suffer, among other things, mental and emotional injuries.

58.     Further, the County's discriminatory practices were done with malice and/or reckless indifference to Roberts' protected rights, such that, in addition to all the measures of relief cited herein to which Roberts is entitled, the County should be required to pay punitive damages as punishment for its vile, indecent, and reprehensible conduct, in order to deter the County and others similarly situated from such conduct in the future.

59.     As a direct and proximate result of the County's violation of Plaintiff's rights under the 42 U.S.C. §12203(b), the County is liable to Plaintiff for back pay, actual damages for loss of wages and benefits, and compensatory and punitive damages in an amount to be determined at trial, pursuant to 42 U.S.C. § 1981a (a)(2) and 42 U.S.C. § 1981a (b).

60.     As a direct and proximate result of the County's violation of Plaintiff's rights under the 42 U.S.C. §12203(b), the County is further liable to Plaintiff for attorney's fees, and other equitable and/or declaratory relief pursuant to 42 U.S.C. § 1981a (a)(2).

61.     Plaintiff therefore seeks judgment against the County on the Third Cause of Action for back pay, actual damages for loss of wages and benefits, and compensatory and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and declaratory and/or equitable relief.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination under the NYSHRL)

62.     The acts committed by Defendants, as set forth at length in paragraphs "1" through "35" of this Complaint, which are all deemed a part of this cause of action, constitute an unlawful discriminatory practice against Roberts based on her actual and/or perceived disability in violation of the NYSHRL.

63.     At all relevant times herein, Roberts had a disability and/or was regarded as having a disability by the Defendants and therefore is a member of a protected class.

64.     The acts of which Roberts complains of herein supporting her claims for discrimination took place as a result of her membership in a protected class and all took place while she was an employee of the County and in the course of her County employment.

65.     The acts and conduct complained of herein supporting Roberts' claims for discrimination were committed by the Defendants including but not limited to those who possessed and maintained direct supervisory authority over Roberts and for whose acts the County is liable.

66.     The acts and conduct complained of herein supporting Roberts' claims for discrimination were used as a basis for decisions affecting the terms, conditions, and privileges of her employment, including without limitation her ultimate discharge from the County's employment.

67.     As a direct and proximate result of the Defendants' conduct, Roberts has suffered and will continue to suffer from, among other things, a significant loss of income, benefits,  as well as other losses associated with the effects of the Defendants' conduct upon Roberts' employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of her life and will prevent her from functioning as she did prior to the conduct complained of herein.

68.     The Defendants' discriminatory conduct so degraded Roberts physically, mentally, and emotionally that, as a proximate result of the Defendants' violation of her civil rights, Roberts has suffered, and will continue to suffer, among other things, mental and emotional injuries.

69.     As a direct and proximate result of the Defendants' violation of Plaintiff's rights under the NYSHRL, the Defendants are liable to Plaintiff for lost income, benefits, and compensatory and punitive damages pursuant to 297(4) (c)(iii), §297(4) (c)(iv), and §297(9) in an amount to be determined at trial, plus costs, disbursements, and attorney's fees, pursuant to NYSHRL §297(10).

70.     Plaintiff also seeks the imposition of the maximum civil fines and penalties against the Defendants pursuant to §297(4)(c)(vi) of the NYSHRL for its willful, wanton, and malicious conduct.

71.     Plaintiff therefore seeks judgment against Defendants on the Fourth Cause of Action for actual damages including loss of wages and benefits, compensatory and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and the imposition of the maximum civil fines and penalties under the NYSHRL.

### FIFTH CAUSE OF ACTION
### (Unlawful Retaliation under the NYSHRL)

72.     The acts committed by Defendants as set forth at length in paragraphs "1" through "35" of the Complaint, which are all deemed part of this cause of action, constitute unlawful and retaliatory conduct against Roberts in violation of her rights under §296(7) of the NYSHRL.

73.     The acts of which Roberts complains of herein supporting her claims for retaliation took place as a result of and in retaliation for, including but not limited to, continuing to place her on administrative leave, removing her from her duties after seeking a reasonable accommodation, and her ultimate employment termination based on her request for the reasonable accommodation.

74.     As a direct and proximate result of Defendants' retaliatory conduct, Roberts has suffered, and will continue to suffer, from among other things, a significant loss of income,

benefits, and additional losses associated with the effects of Defendants' conduct upon her employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of her life and will prevent her from functioning as she did prior to the conduct complained of herein.

75.     Defendants' conduct so degraded Roberts physically, mentally, and emotionally that, as a proximate result of the Defendants' violation of her civil rights, Roberts has suffered, and will continue to suffer, among other things, mental and emotional injuries.

76.     As a direct and proximate result of the Defendants' violation of Plaintiff's rights under the NYSHRL, the Defendants are liable to Plaintiff for lost income, benefits, and compensatory and punitive damages pursuant to §297(4) (c) (iii), §297(4) (c)(iv), and §297(9) of the NYSHRL in an amount to be determined at trial, plus costs, disbursements, and attorney's fees, pursuant to NYSHRL §297(10).

77.     Plaintiff also seeks the imposition of the maximum civil fines and penalties against the Defendants pursuant to §297(4)(c)(vi) of the NYSHRL for its willful, wanton, and malicious conduct.

78.     Plaintiff therefore seeks judgment against Defendants on the Fifth Cause of Action for actual damages including loss of wages and benefits, compensatory and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and the imposition of the maximum civil fines and penalties under the NYSHRL.

**WHEREFORE,** Roberts demands judgment as follows: (i) on the First Cause of Action against The County of Putnam for back pay, actual damages for loss of wages and benefits, compensatory damages, and punitive damages in an amount to be determined at trial, plus costs,

disbursements, attorney's fees, and declaratory and/or equitable relief; (i) on the Second Cause of Action against The County of Putnam for back pay, actual damages for loss of wages and benefits, compensatory damages, and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and declaratory and/or equitable relief; (iii) on the Third Cause of Action against The County of Putnam for back pay, actual damages for loss of wages and benefits, compensatory damages, and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and declaratory and/or equitable relief; (iv) on the Fourth Cause of Action against the Defendants for actual damages including loss of wages and benefits, compensatory and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and the imposition of the maximum civil fines and penalties under the NYSHRL; (v) on the Fifth Cause of Action against the Defendants for actual damages including loss of wages and benefits, compensatory and punitive damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and the imposition of the maximum civil fines and penalties under the NYSHRL; and (vi) such other and further relief as this Court deems just and proper.

Dated:     December 4, 2020
           Mount Kisco, New York

                                    MARKUS & SHERIDAN, LLP

                              By:    _____/s/_____
                                    Marc O. Sheridan
                                    *Attorneys for Plaintiff*
                                    116 Radio Circle, Suite 304
                                    Mount Kisco, New York 10549
                                    (914) 241-6300